UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED

2008 FEB -7 P 3: 07

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| J & J Sports Productions, Inc., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| GARY BLACKWELL, individually and | ) |
| as the alter ego and owner of IGORS, | ) |
| IGORS OYSTER BAR, and/or | ) |
| BLACKWELL IGOR'S, INC., | ) |
| IGORS, a company licensed to do | ) |
| business in the State of Alabama, IGORS | ) |
| OYSTER BAR, a company licensed to do | ) |
| business in the State of Alabama, and | ) |
| BLACKWELL IGOR'S, INC., a | ) |
| business incorporated in the State of | ) |
| Alabama, | ) |
| | ) |
| Defendants. | ) |

Case No.: <u>2:07-cv-1058-MHT</u>

COMPLAINT FOR DAMAGES

## AMENDED COMPLAINT

### JURISDICTION

1.      Jurisdiction is founded on the existence of a question arising under particular statutes. This

action is brought pursuant to several federal statutes, including the Communications Act of 1934,

as amended, 47 U.S.C. 605, <u>et seq.</u>, and The Cable & Television Consumer Protection and

Competition Act of 1992, as amended, 47 U.S. Section 553, <u>et seq.</u>, as well as, 28 U.S.C. § 1331 and

the doctrine of supplemental jurisdiction.

2.      This Court has jurisdiction of the subject matter of this action pursuant to 28 U.S.C. Section

1331, which states that the district courts shall have original jurisdiction of all civil actions arising

under the Constitution, laws, or treaties, of the United States.

3.     This Court has personal jurisdiction over the parties in this action as a result of the Defendants' wrongful acts hereinafter complained of which violated the Plaintiff's rights as the exclusive commercial distributor of the televised fight program hereinafter set forth at length.  The Defendants' wrongful acts consisted of the interception and tortuous conversion of said property of Plaintiff within the control of the Plaintiff in the State of Alabama.

**VENUE**

4.     Pursuant to 47 U.S.C. Section 605, venue is proper in the Middle District of Alabama, Northern Division because a substantial part of the events or omissions giving rise to the claim occurred in Montgomery County, Alabama.

**INTRADISTRICT ASSIGNMENT**

5.     Assignment to the Northern Division is proper because a substantial part of the events or omissions giving rise to the claim occurred in Montgomery County, Alabama.

**THE PARTIES**

6.    The Plaintiff, J & J Sports Productions, Inc. is, and at all relevant times mentioned was, a California corporation with its principal place of business located at 2380 S. Bascom Ave, Suite 200, Campbell, California, 95008.  The Plaintiff is a privately held corporation.

7.    Plaintiff is informed and believes, and alleges thereon, that Defendant, GARY BLACKWELL, whose address is 557 Towne Lake Drive, Montgomery, Alabama, 36117-6025, is an individual and the owner and/or alter ego of IGORS, IGORS OYSTER BAR, and/or BLACKWELL IGOR'S, INC.

8.    Plaintiff is informed and believes, and alleges thereon that Defendant, IGORS, is a business entity, the exact nature of which is unknown, however, it is believed to be licensed having its principal place of business at 3619 Eastern Boulevard, Montgomery, Alabama, 36116.

9.    Plaintiff is informed and believes, and alleges thereon that Defendant IGORS OYSTER BAR, is a business entity, the exact nature of which is unknown, however, it is believed to be licensed having its principal place of business at 3619 Eastern Boulevard, Montgomery, Alabama, 36116.

10.    Plaintiff is informed and believes, and alleges thereon that Defendant, BLACKWELL IGOR'S, INC., is a business entity, the exact nature of which is unknown, however, it is believed to be a licensed and authorized corporation having its principal place of business at 3619 Eastern Boulevard, Montgomery, Alabama 36116.

## COUNT I

### (Violation of 47 U.S.C. Section 605)

11.    Plaintiff hereby incorporates by reference all of the allegations contained in paragraphs 1-8, inclusive, as though set forth herein at length.

12.    By contract, Plaintiff paid for and was thereafter granted the exclusive nationwide television distribution rights to the *"No Respect": Jermaine Taylor v. Bernard Hopkins II, Undisputed Middleweight Championship Fight Program* which took place on Saturday, December 3, 2005, (this included all under-card bouts and fight commentary encompassed in the television broadcast of the event, hereinafter referred to as the "Program").

13.    Pursuant to contract, Plaintiff entered into subsequent sub-licensing agreements with various commercial entities throughout North America, including entities within the State of Alabama, by which it granted these entities limited sub-licensing rights, specifically the rights to publicly exhibit the Program to the patrons within their respective establishments (i.e., hotels, racetracks, casinos, bars, taverns, restaurants, social clubs, etc.).

14.    As a commercial distributor of sporting events, including the Program, Plaintiff expended substantial monies marketing, advertising, promoting, administering, and transmitting the Program to its customers, the aforementioned commercial entities.

15.     With full knowledge that the Program was not to be intercepted, received and exhibited by entities unauthorized to do so, each and every of the above named defendants and/or their agents, servants, workmen or employees did unlawfully publish, divulge and exhibit the Program at the time of its transmission at the addresses of their respective establishments, as indicated above. Said unauthorized interception, publication, exhibition and divulgence by each of the defendants was done willfully and for purposes of direct or indirect commercial advantage or private financial gain.

16.     47 U.S.C. Section 605, et seq., prohibits the unauthorized publication or use of communications (such as the transmission for which Plaintiff had the distribution rights thereto).

1 7.     By reason of the aforesaid mentioned conduct, the aforementioned defendants, and each of them, violated 47 U.S.C. Section 605, et seq.

18.     By reason of the defendants' violation of 47 U.S.C. Section 605, et seq., Plaintiff has the private right of action pursuant to 47 U.S.C. Section 605.

19.     As the result of the aforementioned defendants' violation of 47 U.S.C. Section 605, and pursuant to said Section 605, Plaintiff is entitled to the following from each defendant:

(a)     Statutory damages for each willful violation in an amount to $100,000.00 pursuant to 47 U.S.C. 605(e)(3)(C)(ii), and also

(b)     the recovery of full costs, including reasonable attorneys fees,

pursuant to 47 U.S.C. Section 605(e)(3)(B)(iii).


WHEREFORE, Plaintiff prays for judgment as set forth below.


## COUNT II

**(Violation of 47 U.S.C. Section 553)**


20.     Plaintiff hereby incorporates by reference all of the allegations contained in paragraphs 1-17, inclusive, as though set forth herein at length.


21.     The unauthorized interception, exhibition, publication, and divulgence of the Program by each of the above named defendants are prohibited by 47 U.S.C. Section 553, <u>et seq.</u>


22.     By reason of the aforesaid mentioned conduct, the aforementioned defendants, and each of them, violated 47 U.S.C. Section 553, <u>et seq.</u>


23.     By reason of the defendants' violation of 47 U.S.C. Section 553, <u>et seq.</u>, Plaintiff has the private right of action pursuant to 47 U.S.C. Section 553.


24.     As the result of the aforementioned defendants' violation of 47 U.S.C. Section 553, and pursuant to said Section 553, Plaintiff is entitled to the following from each defendant:

    (a)     Statutory damages for each willful violation in an amount to

             $50,000.00 pursuant to 47 U.S.C. 553 (b)(2) and also

    (b)     the recovery of full costs pursuant to 47 U.S.C. Section 553

             ( c)(2)( C), and also

    ( c)    and in the discretion of this Honorable Court, reasonable attorneys fees

             pursuant to 47 U.S.C. Section 553 ( c)(2)( C).

WHEREFORE, Plaintiff prays for judgment as set forth below.

## COUNT III

### (Conversion)

25.    Plaintiff hereby incorporates by reference all of the allegations contained in the above paragraphs inclusive, as though set forth herein at length.

26.    By its acts as aforesaid in interception, exhibiting, publishing, and divulging the Program at the above-captioned address, the aforementioned defendants, and each of them, tortuously obtained possession of the Program and wrongfully converted it to its own use and benefit.

27.    The aforesaid acts of each the defendants were willful, malicious, and intentionally designed to harm Plaintiff and to subject said Plaintiff to economic distress.

28.    Accordingly, Plaintiff is entitled to both compensatory, as well as punitive damages, from each of the aforementioned defendants as the result of the defendants' egregious conduct and conversion.

WHEREFORE, Plaintiff prays for judgment as set forth below.

**As to the First Count:**

1.    For statutory damages in the amount of $100,000.00 against defendants, and each of them;

2.    For reasonable attorney fees pursuant to statute;

3.    For all costs of suit, including but not limited to filing fees, service of process fees, investigative costs, and;

4.    For such other and further relief as this Honorable Court may deem just and proper.

**As to the Second Count:**

1.    For statutory damages in the amount of $50,000.00 against defendants, and each of them;

2.    For reasonable attorney fees as may be awarded in the Court's discretion pursuant to statute;

3.    For all costs of suit, including but not limited to filing fees, service of process fees, investigative costs, and;

4.    For such other and further relief as this Honorable Court may deem just and proper.

**As to the Third Count:**

1.     For compensatory and punitive damages in an amount according to proof against

defendants, and each of them;

2.     For reasonable attorney fees as may be awarded in the Court's discretion as the trier of

fact;

3.     For all costs of suit, including but not limited to filing fees, service

of process fees, investigative costs, and;

4.     For such other and further relief as this Honorable Court may deem just and proper.

Respectfully submitted,

Dated: February 6, 2008                    Keith Anderson Nelms (ASB-6972-E63K)
                                           Attorney for Plaintiff

OF COUNSEL:

Anderson Nelms & Associates, LLC
847 S. McDonough Street, Suite 100
Montgomery, AL 36104
(334) 263-7733

THE DEFENDANT(S) MAY BE SERVED AT THE FOLLOWING ADDRESS(ES):

GARY BLACKWELL
557 Towne Lake Drive
Montgomery, Alabama 36117-6025

IGORS
3619 Eastern Boulevard
Montgomery, Alabama 36116

IGORS OYSTER BAR
3619 Eastern Boulevard
Montgomery, Alabama 36116

BLACKWELL IGOR'S, INC.
3619 Eastern Boulevard
Montgomery, Alabama 36116