UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **J & J Sports Productions, Inc.,** )  )  | |
| **Plaintiff,** ) ) | |
| vs. ) ) | Case No.: **2:07-cv-1058-MHT** |
| **GARY BLACKWELL, and** ) | **COMPLAINT FOR DAMAGES** |
| **BLACKWELL IGOR'S, INC.,** a ) | **PLAINTIFF DEMANDS JURY TRIAL** |
| business incorporated in the State of ) | |
| Alabama, ) ) | |
| **Defendants.** ) | |

## SECOND AMENDED COMPLAINT

### JURISDICTION

1. Jurisdiction is founded on the existence of a question arising under particular statutes. This action is brought pursuant to several federal statutes, including the Communications Act of 1934, as amended, 47 U.S.C. 605, et seq., and The Cable & Television Consumer Protection and Competition Act of 1992, as amended, 47 U.S. Section 553, et seq., as well as, 28 U.S.C. § 1331 and the doctrine of supplemental jurisdiction.

2. This Court has jurisdiction of the subject matter of this action pursuant to 28 U.S.C. Section 1331, which states that the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties, of the United States.

3. This Court has personal jurisdiction over the parties in this action as a result of the Defendants' wrongful acts hereinafter complained of which violated the Plaintiff's rights as the exclusive commercial

distributor of the televised fight program hereinafter set forth at length. The Defendants' wrongful acts consisted of the interception and tortuous conversion of said property of Plaintiff within the control of the Plaintiff in the State of Alabama.

## VENUE

4.     Pursuant to 47 U.S.C. Section 605, venue is proper in the Middle District of Alabama, Northern Division because a substantial part of the events or omissions giving rise to the claim occurred in Montgomery County, Alabama.

## INTRADISTRICT ASSIGNMENT

5.     Assignment to the Northern Division is proper because a substantial part of the events or omissions giving rise to the claim occurred in Montgomery County, Alabama.

## THE PARTIES

6.     The Plaintiff, J & J Sports Productions, Inc. is, and at all relevant times mentioned was, a California corporation with its principal place of business located at 2380 S. Bascom Ave, Suite 200, Campbell, California, 95008. The Plaintiff is a privately held corporation.

7.     Plaintiff is informed and believes, and alleges thereon, that Defendant GARY BLACKWELL, whose address is 557 Towne Lake Drive, Montgomery, Alabama, 36117-6025, is an individual, over the

age of nineteen years, and an owner, officer, representative and/or employee of Defendant BLACKWELL IGOR'S, INC.

8.  Plaintiff is informed and believes, and alleges thereon that Defendant BLACKWELL IGOR'S, INC., located at 3619 Eastern Boulevard, Montgomery, Alabama 36116, is a corporation licensed and registered as such with the State of Alabama. Defendant BLACKWELL IGOR'S, INC. is also and/or otherwise known as IGORS, IGOR'S OYSTER BAR and/or IGOR'S OYSTER BAR AND GRILLE.

## COUNT I

**(Violation of 47 U.S.C. Section 605)**

9.  Plaintiff hereby incorporates by reference all of the allegations contained in paragraphs 1-8, inclusive, as though set forth herein at length.

10. By contract, Plaintiff paid for and was thereafter granted the exclusive nationwide television distribution rights to the *"No Respect": Jermaine Taylor v. Bernard Hopkins II, Undisputed Middleweight Championship Fight Program* which took place on Saturday, December 3, 2005, (this included all under-card bouts and fight commentary encompassed in the television broadcast of the event, hereinafter referred to as the "Program").

11. Pursuant to contract, Plaintiff entered into subsequent sub-licensing agreements with various commercial entities throughout North America, including entities within the State of Alabama, by which

it granted these entities limited sub-licensing rights, specifically the rights to publicly exhibit the Program to the patrons within their respective establishments (i.e., hotels, racetracks, casinos, bars, taverns, restaurants, social clubs, etc.).

12.     As a commercial distributor of sporting events, including the Program, Plaintiff expended substantial monies marketing, advertising, promoting, administering, and transmitting the Program to its customers, the aforementioned commercial entities.

13.     With full knowledge that the Program was not to be intercepted, received and exhibited by entities unauthorized to do so, each and every of the above named defendants and/or their agents, servants, workmen or employees did unlawfully publish, divulge and exhibit the Program at the time of its transmission at the addresses of their respective establishments, as indicated above. Said unauthorized interception, publication, exhibition and divulgence by each of the defendants was done willfully and for purposes of direct or indirect commercial advantage or private financial gain.

14.     47 U.S.C. Section 605, et seq., prohibits the unauthorized publication or use of communications (such as the transmission for which Plaintiff had the distribution rights thereto).

15.     By reason of the aforesaid mentioned conduct, the aforementioned defendants, and each of them, violated 47 U.S.C. Section 605, et seq.

16. By reason of the defendants' violation of 47 U.S.C. Section 605, et seq., Plaintiff has the private right of action pursuant to 47 U.S.C. Section 605.

17. As the result of the aforementioned defendants' violation of 47 U.S.C. Section 605, and pursuant to said Section 605, Plaintiff is entitled to the following from each defendant:

(a) Statutory damages for each willful violation in an amount to $100,000.00 pursuant to 47 U.S.C. 605(e)(3)(C)(ii), and also

(b) the recovery of full costs, including reasonable attorneys fees, pursuant to 47 U.S.C. Section 605(e)(3)(B)(iii).

WHEREFORE, Plaintiff prays for judgment as set forth below.

## COUNT II

**(Violation of 47 U.S.C. Section 553)**

18. Plaintiff hereby incorporates by reference all of the allegations contained in paragraphs 1-17, inclusive, as though set forth herein at length.

19. The unauthorized interception, exhibition, publication, and divulgence of the Program by each of the above named defendants are prohibited by 47 U.S.C. Section 553, et seq.

20. By reason of the aforesaid mentioned conduct, the aforementioned defendants, and each of them, violated 47 U.S.C. Section 553, et seq.

21. By reason of the defendants' violation of 47 U.S.C. Section 553, et seq., Plaintiff has the private right of action pursuant to 47 U.S.C. Section 553.

22. As the result of the aforementioned defendants' violation of 47 U.S.C. Section 553, and pursuant to said Section 553, Plaintiff is entitled to the following from each defendant:

   (a) Statutory damages for each willful violation in an amount to $50,000.00 pursuant to 47 U.S.C. 553 (b)(2) and also

   (b) the recovery of full costs pursuant to 47 U.S.C. Section 553 ( c)(2)( C), and also

   ( c) and in the discretion of this Honorable Court, reasonable attorneys fees pursuant to 47 U.S.C. Section 553 ( c)(2)( C).

WHEREFORE, Plaintiff prays for judgment as set forth below.

## COUNT III

### (Conversion)

23. Plaintiff hereby incorporates by reference all of the allegations contained in the above paragraphs inclusive, as though set forth herein at length.

24. By its acts as aforesaid in interception, exhibiting, publishing, and divulging the Program at the above-captioned address, the aforementioned defendants, and each of them, tortuously obtained possession of the Program and wrongfully converted it to its own use and benefit.

25. The aforesaid acts of each the defendants were willful, malicious, and intentionally designed to harm Plaintiff and to subject said Plaintiff to economic distress.

26. Accordingly, Plaintiff is entitled to both compensatory, as well as punitive damages, from each of the aforementioned defendants as the result of the defendants' egregious conduct and conversion.

WHEREFORE, Plaintiff prays for judgment as set forth below.

**As to the First Count:**

1. For statutory damages in the amount of $100,000.00 against defendants, and each of them;

2. For reasonable attorney fees pursuant to statute;

3. For all costs of suit, including but not limited to filing fees, service of process fees, investigative costs, and;

4. For such other and further relief as this Honorable Court may deem just and proper.

**As to the Second Count:**

1. For statutory damages in the amount of $50,000.00 against defendants, and each of them;

2. For reasonable attorney fees as may be awarded in the Court's discretion pursuant to statute;

3. For all costs of suit, including but not limited to filing fees, service of process fees, investigative costs, and;

4. For such other and further relief as this Honorable Court may deem just and proper.

**As to the Third Count:**

1. For compensatory and punitive damages in an amount according to proof against defendants, and each of them;

2. For reasonable attorney fees as may be awarded in the Court's discretion as the trier of fact;

3. For all costs of suit, including but not limited to filing fees, service of process fees, investigative costs, and;

4. For such other and further relief as this Honorable Court may deem just and proper.

                        Respectfully submitted,

                        /s/ Andy Nelms

Dated: February 13, 2008            Keith Anderson Nelms (ASB-6972-E63K)
                                        Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on February 13th, 2008, I either mailed a copy of the foregoing via United States Postal Service, postage pre-paid to the correct address, or electronically filed the foregoing with the Clerk of the Court using the electronic filing system which will send notification of such filing, to the following:

Gary Blackwell
557 Towne Lake Drive
Montgomery, Alabama 36117-6025

Blackwell Igor's, Inc.
3619 Eastern Boulevard
Montgomery, Alabama 36116

                                                           Of Counsel:
                                                           /s/ Andy Nelms