IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| J & J SPORTS PRODUCTIONS, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | CIVIL ACTION NO. 2:07cv1058-MHT (WO) |
| GARY BLACKWELL and BLACKWELL IGOR'S, INC., a business incorporated in the State of Alabama, | ) ) ) ) ) | |
| Defendants. | ) | |

OPINION AND ORDER

Plaintiff J & J Sports Productions, Inc. filed this lawsuit against defendants Gary Blackwell and Blackwell Igor's, Inc. on December 3, 2007, alleging violations of 47 U.S.C. § 553, which prohibits the unauthorized reception of cable services, and 47 U.S.C. § 605, which prohibits the unauthorized publication or use of communications.  J & J Sports also alleged a state-law

claim of conversion.  The court's jurisdiction is proper under 28 U.S.C. §§ 1331 and 1367.

On September 22, 2008, J & J Sports applied to the court for judgment of default; by order dated September 24, 2008, this court ordered that Gary Blackwell and Blackwell Igor's, Inc. show cause by October 10, 2008, why J & J Sports's application should not be granted. Neither Gary Blackwell nor Blackwell Igor's, Inc. has made any objection or response to the court's order.

J & J Sports now requests statutory damages on its federal law claims in the sum of $ 150,000 and compensatory and punitive damages on the state-law conversion claim.  "[J]udgment of default awarding cash damages [can] not properly be entered without a hearing unless the amount claimed is a liquidated sum or one capable of mathematical calculation. Damages may be awarded only if the record adequately reflects the basis for award via a hearing or a demonstration by detailed affidavits establishing the necessary facts." <u>Adolph</u>

Coors Co. v. Movement Against Racism and the Klan, 777
F.2d 1538, 1543-44 (11th Cir. 1985) (internal quotations
and citations omitted).

The damages J & J Sports seeks appear to be neither
a liquidated sum nor an amount capable of mathematical
determination. While J & J Sports's application for
judgment by default briefly describes the basis for its
statutory damages request, it does not provide sufficient
detail for the court to determine where to set the
damages within the permissible range.  For example,
§ 605(e)(c)(i)(II) permits the court to award statutory
damages ranging from $ 1,000 to $ 10,000, while
§ 605(e)(c)(ii) permits the court to award up to $100,000
if it finds that the violation was committed willfully or
for commercial advantage.  In DIRECTV, Inc. v. Huynh, 318
F. Supp. 2d 1122, 1131-1132 (M.D. Ala. 2004) (Thompson,
J.) this court outlined a number of factors that should
be considered in determining damages under 47 U.S.C.
§ 605(e).   These factors include: "(1) whether the

defendant profited as a result of his violation; (2) whether the defendant assisted or induced others in violating the statute; (3) whether the defendant's violation was willful or flagrant; (4) whether the damages will be sufficient to deter future similar conduct; and (5) whether the damage award is comparable to awards in similar cases." (Internal quotations and citations omitted).  J & J Sports should submit evidence speaking directly to these and other potentially relevant factors as to the claims under §§ 605(e) and 553(b). Furthermore, J & J Sports should brief for the court the permissibility of simultaneously awarding damages under §§ 605(e) and 553(b).  Finally, J & J Sports should submit evidence of damages pertaining to the conversion claim, the amount requested on this claim, and the amount requested for attorneys' fees.  The court, therefore, finds that further evidence and briefing from J & J Sports is necessary to determine the amount of damages in this case. Fed. R. Civ. P. 55(b)(2).

4

Accordingly, it is ORDERED as follows:

(1) Plaintiff J & J Sports, Inc.'s application for judgment by default, filed September 22, 2008 (doc. no. 24) is granted.

(2) Default judgment is entered in favor of plaintiff J & J Sports, Inc. and against defendants Gary Blackwell and Blackwell Igor's, Inc.

(3) The issue of damages is set for submission, without oral argument, on November 12, 2008.  The parties are to submit to the court by that date all briefs and evidentiary materials on the issue of damages.

DONE, this the 28th day of October, 2008.

                    /s/ Myron H. Thompson
              UNITED STATES DISTRICT JUDGE